UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In the Matter of:

Patrick William McLeod            Bankruptcy Case No. 12-66747
Josephine Ann McLeod,             Honorable Marci B McIvor
                                  Chapter 11

      Debtors.
_____/

# ORDER CONFIRMING THE CORRECTED PLAN OF REORGANIZATION OF PATRICK WILLIAM MCLEOD AND JOSEPHINE ANN MCLEOD FILED JUNE 11, 2013 [DOCKET NO. 70]

**THE COURT FINDS:**

1.    Debtors Patrick William McLeod and Josephine Ann McLeod (collectively "Debtors")filed a Corrected Plan of Reorganization of Patrick William McLeod and Josephine Ann McLeod Filed June 11, 2013 [Docket No. 70] (the "Plan").

2.    Debtors properly served the Plan, Order Granting Preliminary Approval, and a Ballot upon the entire creditor matrix.

3.    The court has determined after notice and hearing, that the requirements for confirmation set forth in 11 U.S.C. § 1129(a) have been satisfied.

4.    The Court further finds that the Plan is fair and equitable, does not discriminate unfairly against any classes deemed to have not accepted the Plan, and was proposed in good faith. Each holder of an Impaired Claim or Interest of each class has either accepted the Plan, or will receive or retain under the Plan on account of such Claim or Interest Property having a value as of the Effective Date of the Plan that is not less than the amount that each holder would receive if the Debtor were liquidated under Chapter 7 of the United States Bankruptcy Code.

1

5.      Each class of Claims set forth in the Plan has either accepted the Plan, or such class is not impaired under the Plan.

**NOW THEREFORE,**

**IT IS HEREBY ORDERED** that the Plan is hereby confirmed and incorporated in this Order as if fully stated herein.

**IT IS HEREBY FURTHER ORDERED** that the Debtors hereby amend their Plan of Reorganization to provide as follows with respect to Creditor, the State of Michigan Department of Treasury (the "State"). Payments to the State for its administrative claim (Claim No. 19) and unsecured claim (Claim No. 18) shall not begin until after the amount of the debt has been verified by the State and the State has filed an amended proof of claims. The monthly payments due prior to the verification of the amount of debt and filing of the amended claims by the State shall instead be placed in a savings account by the Debtors and paid to the State upon the verification of the debt and filing of the amended claims.

**IT IS FURTHER ORDERED** that the Debtors hereby amend their Plan of Reorganization to provide as follows with respect to Creditor, Federal National Mortgage Association c/o Seterus, Inc. ("Seterus"). Seterus is a partially secured first lien holder of rental property located at 513 East University Drive, Unit 56, Rochester, MI 48307 ("513 East"). Seterus shall have a secured value in 513 East of $60,000.00. Their secured claim shall be paid the sum of $698.30 per month, which includes a 5.25% interest for 108 months. Seterus shall receive an unsecure claim in that amount of the unsecured portion of their filed proof of claim.

**IT IS FURTHER ORDERD** that the Debtors hereby amend provision 5.3 of their Plan of Reorganization to provide the Debtors shall not receive a discharge until an order is entered by

2

the court and after all payments have been made under this Plan, unless the Debtors file a motion pursuant to 11 U.S.C. 1141(5)(A) or (B) to seek discharge prior to completion of the Plan.

**IT IS FURTHER ORDERED** that the occurrence of the discharge of this Plan shall, and does hereby act to release the Claims of all Creditors against the Debtors and the Reorganized Debtors, the same constituting a full, total and complete settlement with said Creditors and Interest Holders. Except as provided in this Plan, the occurrence of the discharge shall also act as a merger and relinquishment of any and all Claims that Creditors have, or may have, against the Debtors and the Reorganized Debtors as provided in the treatment of the Creditors in Articles II and III. The forgoing notwithstanding, this paragraph shall not affect the rights of any taxing authority against any other entity or Person who may be liable or responsible for the taxes of the Debtors or Reorganized Debtors.

**IT IS FURTHER ORDERED** that the Debtors hereby amend their Plan of Reorganization to provide as follows with respect to Creditor, Ford Credit. With respect to Ford Credit, payments shall be applied pursuant to the contact notwithstanding provision 12.4 of the Plan. Also, With respect to Ford Credit, payments shall be paid pursuant to contact notwithstanding provision 12.7 of the Plan.

**IT IS FURTHER ORDERED** that Ford Credit shall retain its lien on the 2009 Ford F150 until such time as the account is paid in full pursuant to the terms of the contract and upon satisfaction of this obligation Ford Credit will release its lien.

**IT IS FURTHER ORDERED** that in the event the Debtors fail to timely make payments to Ford Credit as proposed under the confirmed plan or the Debtors fail to maintain full coverage insurance on the 2009 Ford F150, Ford Credit shall serve the Debtors with a Notice of Event of Default by serving a copy of the same upon the Debtors and the Debtors' counsel. If the default

in payments is not cured with 30 days or proof of full coverage insurance is not provided in 30 days, and the case is still open Ford Credit shall file an affidavit with the court reflecting Debtors' failure to cure the default and Ford Credit may submit an order lifting the stay as to Ford Credit without further proceedings. If the default in payment is not cured within 30 days or proof of full coverage insurance is not provided in 30 days and the case is closed, Ford Credit shall provide affidavit to Debtors and Debtors' counsel reflecting Debtors failure to cure the default Ford Credit may exercise its rights pursuant to the contact in accordance with non-bankruptcy law.

**IT IS FURTHER ORDERED** that the Debtors hereby amend their Plan of Reorganization to provide as follows with respect to Creditor, Select Portfolio Servicing, as servicing agent for Wells Fargo Bank, National Association, as Trustee for Structured Asset Mortgage Investments II Inc. Bear Sterns Mortgage Funding Trust 2007-AR5, Mortgage Pass-Through Certificates Series 2007-AR5 ("Wells Fargo"). Wells Fargo is a partially secured first lien holder of rental property located at 3324 Valley Rise Dr, Holly, MI 48442 ("3324 Valley"). Wells Fargo shall have a secured value in 3324 Valley of $120,500.00. Their secured claim shall be paid the sum of $1,387.83 per month, which includes a 5.00% interest for 108 months commencing October 1, 2013. Wells Fargo shall receive an unsecure claim in that amount of the unsecured portion of their filed proof of claim.

**IT IS FURTHER ORDERD** that the Debtors shall be responsible to pay the property taxes and property insurance on 3324 Valley from the Effective Date through the Chapter 11 Plan. If Wells Fargo advances any funds for property taxes and/or property insurance during the pendency of the bankruptcy case, Debtors shall be responsible for reimbursing Wells Fargo for those advances pursuant to the Mortgage and/or Note.

**IT IS FURTHER ORDERD** that in the event the Debtors fail to timely make payments to Wells Fargo as proposed under the confirmed plan, Wells Fargo and/or its servicer shall serve the Debtors with a Notice of Event of Default by serving a copy of the same upon the Debtors and the Debtors' counsel. If the default in payments is not cured with 30 days or proof of full coverage insurance is not provided in 30 days, and the case is still open Wells Fargo shall file an affidavit with the court reflecting Debtors' failure to cure the default and Wells Fargo may submit an order lifting the stay as to Wells Fargo without further proceedings. If the default in payment is not cured within 30 days or proof of full coverage insurance is not provided in 30 days and the case is closed, Wells Fargo shall provide affidavit to Debtors and Debtors' counsel reflecting Debtors failure to cure the default Wells Fargo may exercise its rights pursuant to the mortgage and note in accordance with non-bankruptcy law.

**IT IS FURTHER ORDERD** that Wells Fargo shall retain its lien on 3324 Valley until such time as all payment are made pursuant to the Debtors' Chapter 11 Plan or as provided in this Order and upon satisfaction of these obligation Wells Fargo will release its lien.

**IT IS FURTHER ORDERED** that the Debtors hereby amend their Plan of Reorganization to provide as follows with respect to Creditor, Wells Fargo. With respect to Wells Fargo, payments shall be applied pursuant to the order as set forth in the Mortgage and Note Order notwithstanding provision 12.4 of the Plan. Also, With respect to Wells Fargo, payments shall be paid in the amount of $1,387.83 per month notwithstanding provision 12.7 of the Plan.

**IT IS FURTHER ORDERED** that the Debtors hereby amend their Plan of Reorganization to provide as follows with respect to Creditor, Deutsche Bank National Trust Company ("Deutsche"). With respect to Deutsche, payments shall be applied pursuant to the contact

notwithstanding provision 12.4 of the Plan. Also, With respect to Deutsche, payments shall be paid pursuant to contact notwithstanding provision 12.7 of the Plan.

**IT IS FURTHER ORDERED** that Deutsche shall retain its lien on the real property located at 280 Golfside Dr. Oxford MI 48371 until such time as the account is paid in full pursuant to the terms of the contract and upon satisfaction of this obligation Deutsche will release its lien.

**IT IS FURTHER ORDERED** that in the event the Debtors fail to timely make payments to Deutsche as proposed under the confirmed plan, Deutsche shall serve the Debtors with a Notice of Event of Default by serving a copy of the same upon the Debtors and the Debtors' counsel. If the default in payments is not cured with 30 days or proof of full coverage insurance is not provided in 30 days, and the case is still open Deutsche shall file an affidavit with the court reflecting Debtors' failure to cure the default and Deutsche may submit an order lifting the stay as to Deutsche without further proceedings. If the default in payment is not cured within 30 days or proof of full coverage insurance is not provided in 30 days and the case is closed, Deutsche shall provide affidavit to Debtors and Debtors' counsel reflecting Debtors failure to cure the default Deutsche may exercise its rights pursuant to the contact in accordance with non-bankruptcy law.

**IT IS FURTHER ORDERED** that the Debtors hereby amend their Plan of Reorganization to provide as follows with respect to Creditor, Central Mortgage Company as Servicer for HSBC USA, national Association as for HSBC Bank USA, National Association as Trustee for Merrill Lynch Alternative Note Asset Trust, Series 2007-OAR5's ("Central"). Central is a partially secured first lien holder of rental property located at 767 E. Walton Blvd, Pontiac, MI 48340 ("767 E. Walton"). Central shall have a secured value in 767 E. Walton of $56,000.00. Their secured claim shall be paid the sum of $644.97 per month, which includes a 5.00% interest for

6

108 months. Central shall receive an unsecure claim in that amount of the unsecured portion of their filed proof of claim.

**IT IS FURTHER ORDERD** that the Debtors shall be responsible to pay the property taxes and property insurance on 767 E. Walton from the Effective Date through the Chapter 11 Plan. If Central advances any funds for property taxes and/or property insurance during the pendency of the bankruptcy case, Debtors shall be responsible for reimbursing Central for those advances pursuant to the Mortgage and/or Note.

**IT IS FURTHER ORDERD** that in the event the Debtors fail to timely make payments to Central as proposed under the confirmed plan, Central shall serve the Debtors with a Notice of Event of Default by serving a copy of the same upon the Debtors and the Debtors' counsel. If the default in payments is not cured with 30 days or proof of full coverage insurance is not provided in 30 days, and the case is still open Central shall file an affidavit with the court reflecting Debtors' failure to cure the default and Central may submit an order lifting the stay as to Central without further proceedings. If the default in payment is not cured within 30 days or proof of full coverage insurance is not provided in 30 days and the case is closed, Central shall provide affidavit to Debtors and Debtors' counsel reflecting Debtors failure to cure the default Central may exercise its rights pursuant to the contact in accordance with non-bankruptcy law.

**IT IS FURTHER ORDERD** that Central shall retain its lien on 767 E. Walton until such time as all payment are made pursuant to the Debtors' Chapter 11 Plan or as provided in this Order and upon satisfaction of these obligation Central will release its lien.

 **IT IS FURTHER ORDERED** that the Debtors hereby amend their Plan of Reorganization to provide as follows with respect to Creditor, Central. With respect to Central, payments shall be applied pursuant to this Order notwithstanding provision 12.4 of the Plan. Also, With respect to

Central, payments shall be paid in the amount of $644.97 per month notwithstanding provision 12.7 of the Plan.

**IT IS FURTHER ORDERED** that the Debtors hereby amend their Plan of Reorganization to provide as follows with respect to Creditor, Bank of America's ("BOA Walton"). BOA Walton is a partially secured first lien holder of rental property located at 785 E. Walton Blvd, Pontiac, MI 48340 ("785 E. Walton"). BOA Walton shall have a secured value in 785 E. Walton of $39,500.00. Their secured claim shall be paid the sum of $454.93 per month, which includes a 5.00% interest for 108 months. BOA Walton shall receive an unsecure claim in that amount of the unsecured portion of their filed proof of claim.

**IT IS FURTHER ORDERD** that the Debtors shall be responsible to pay the property taxes and property insurance on 785 E. Walton from the Effective Date through the Chapter 11 Plan. If BOA Walton advances any funds for property taxes and/or property insurance during the pendency of the bankruptcy case, Debtors shall be responsible for reimbursing BOA Walton for those advances pursuant to the Mortgage and/or Note.

**IT IS FURTHER ORDERD** that in the event the Debtors fail to timely make payments to BOA Walton as proposed under the confirmed plan, BOA shall serve the Debtors with a Notice of Event of Default by serving a copy of the same upon the Debtors and the Debtors' counsel. If the default in payments is not cured with 30 days or proof of full coverage insurance is not provided in 30 days, and the case is still open BOA Walton shall file an affidavit with the court reflecting Debtors' failure to cure the default and BOA Walton may submit an order lifting the stay as to BOA Walton without further proceedings. If the default in payment is not cured within 30 days or proof of full coverage insurance is not provided in 30 days and the case is closed, BOA Walton shall provide affidavit to Debtors and Debtors' counsel reflecting Debtors failure to cure

the default BOA Walton may exercise its rights pursuant to the contact in accordance with non-bankruptcy law.

**IT IS FURTHER ORDERD** that BOA Walton shall retain its lien on 785 E. Walton until such time as all payment are made pursuant to the Debtors' Chapter 11 Plan or as provided in this Order and upon satisfaction of these obligation BOA Walton will release its lien.

**IT IS FURTHER ORDERED** that the Debtors hereby amend their Plan of Reorganization to provide as follows with respect to Creditor, BOA Walton. With respect to BOA Walton, payments shall be applied pursuant to this Order notwithstanding provision 12.4 of the Plan. Also, With respect to BOA Walton, payments shall be paid in the amount of $454.93 per month notwithstanding provision 12.7 of the Plan.

**IT IS FURTHER ORDERED** that Creditor, Bank of America, N.A. ("BOA Singletree")shall retain its lien on the real property located at 6152 Singletree Ln, Acme Township, MI 49610 until such time as the account is paid in full pursuant to the terms of the contract and upon satisfaction of this obligation BOA Singletree will release its lien.

**IT IS FURTHER ORDERED** that in the event the Debtors fail to timely make payments to BOA Singletree as proposed under the confirmed plan, BOA Singletree shall serve the Debtors with a Notice of Event of Default by serving a copy of the same upon the Debtors and the Debtors' counsel. If the default in payments is not cured with 30 days or proof of full coverage insurance is not provided in 30 days, and the case is still open BOA Singletree shall file an affidavit with the court reflecting Debtors' failure to cure the default and BOA Singletree may submit an order lifting the stay as to BOA Singletree without further proceedings. If the default in payment is not cured within 30 days or proof of full coverage insurance is not provided in 30 days and the case is closed, BOA Singletree shall provide affidavit to Debtors and Debtors'

counsel reflecting Debtors failure to cure the default BOA Singletree may exercise its rights pursuant to the contact in accordance with non-bankruptcy law.

**IT IS FURTHER ORDERED** that the Debtors hereby amend their Plan of Reorganization to provide as follows with respect to BOA Singletree. With respect to BOA Singletree, payments shall be applied pursuant to the contact notwithstanding provision 12.4 of the Plan. Also, with respect to BOA Singletree, payments shall be paid pursuant to contact notwithstanding provision 12.7 of the Plan.

**IT IS FURTHER ORDERD** that Provident funding Associates, LP ("Provident") is a partially secured first lien holder of rental property located at 777 East Walton Boulevard, Pontiac, MI 48340. ("777 East"). The fair market value of 777 East in which Provident has a first lien is $30,000.00. on January 21, 2013, Provident filed a Proof of Claim claiming the amount owed on the date of filing was $135,811.55. (See Claim No. 5) Thus, Provident's secured value (liquidation value) is $30,000.00. their secured claim shall be paid the sum of $338.33 per month, which includes 4.5% interest, for 108 months. Provident shall receive an unsecured claim in that amount of the difference between the filed secured claim and the value of the real property as noted above.

.

**Signed on August 21, 2013**

                                              /s/ Marci B. McIvor
                                              Marci B. McIvor
                                              United States Bankruptcy Judge